[Cite as *Midkiff v. Ohio Dept. of Job & Family Serv.*, 2021-Ohio-479.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| KIMBERLY MIDKIFF | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Appellant-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| OHIO DEPARTMENT OF JOB AND | : | |
| FAMILY SERVICES, ET AL. | : | Case No. 20 CA 47 |
| | : | |
| Appellees-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Court of Common
Pleas, Case No. 2019CV0759

JUDGMENT:        Affirmed

DATE OF JUDGMENT:        February 22, 2021

APPEARANCES:

For Appellant-Appellant

BRENT L. ENGLISH
820 West Superior Avenue
9th Floor
Cleveland, OH  44113-1818

For Appellees-Appellees

JUSTIN T. RADIC
30 East Broad Street
26th Floor
Columbus, OH  43215

*Wise, Earle, J.*

{¶ 1}  Appellant-Appellant, Kimberly Midkiff, appeals the April 24, 2020 decision of the Court of Common Pleas of Richland County, Ohio, affirming the decision of Appellee-Appellee, Ohio Department of Job and Family Services.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  Kristina "Tina" Glaser is a cognitively disabled adult in her twenties who needs 24-hour support.  Appellant is her mother, legal guardian, and agent.  Ms. Glaser applied for and received an individual options waiver from the state of Ohio wherein she is eligible to receive home and community-based health services as opposed to institutional care.  Individual options waiver services are to be provided by individuals or agencies who have been certified or licensed pursuant to statutory law and the administrative code and who have a valid Medicaid provider agreement in accordance with the administrative code.  Appellant has a valid Medicaid independent provider agreement as does her other daughter, Brittany.  Ms. Glaser lived in the family home and received services pursuant to a "shared living" arrangement.

{¶ 3}  Ms. Glaser is eligible to receive homemaker/personal care benefits (hereinafter "HPC").  HPC services are paid at a rate of $337.00 per day.  Providing the same services under a "shared living" arrangement are paid at a rate of $101.99 per day.

{¶ 4}  On March 6, 2019, appellant applied for up to 168 hours of HPC services by independent providers to provide care to Ms. Glaser.  Appellant would provide services for 60 hours per week and the remaining hours would be performed by Brittany and other licensed independent providers.  At the time the application was made, appellant had moved out of the family home, and Ms. Glaser was in the process of

moving from the family home to her own apartment. The apartment is located in the basement of the family home with a separate exterior entrance and address. The apartment can be accessed through an interior door to the family home.

{¶ 5} On March 19, 2019, the Richland County Board of Developmental Disabilities denied appellant's application, finding Ms. Glaser was still receiving services under a shared living arrangement. An appeal was filed. A hearing on the matter was held on July 24, 2019. The evidence established that Ms. Glaser moved into an apartment located in the basement of the family home and the apartment had its own separate address. However, she spent the majority of her time upstairs in the family home. Appellant lived in a separate residence two miles from the family home. However, she spent the majority of her time at the family home caring for Ms. Glaser. By decision dated August 15, 2019, the hearing officer overruled the appeal, finding appellant's actual residence to be the family home and Ms. Glaser actually lived upstairs in the family home; therefore, the living arrangement constituted shared living services. An administrative review was requested. By decision dated September 16, 2019, appellee affirmed the decision of a shared living arrangement.

{¶ 6} Appellant appealed to the Court of Common Pleas. By decision filed April 24, 2020, the trial court affirmed appellee's decision, finding for all intents and purposes, appellant and Ms. Glaser resided together, and appellee's decision was supported by the evidence.

{¶ 7} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN CONCLUDING THAT TINA GLASER LIVED WITH HER MOTHER DESPITE THE FACT THAT SHE LIVED IN HER OWN HOME AND THEREFORE ERRONEOUSLY CONCLUDED THAT ALL SERVICES RENDERED BY KIMBERLY MIDKIFF TO HER IN THE NATURE OF HOMEMAKER/PERSONAL CARE SHOULD BE CHARACTERIZED AND SHOULD BE COMPENSATED AT THE MUCH LOWER RATE PROVIDED TO THOSE ARE INVOLVED IN 'ADULT-SHARED LIVING.' "

II

{¶ 9} "THE TRIAL COURT IMPROPERLY APPLIED A DEFERENTIAL STANDARD OF REVIEW TO A PURE QUESTION OF LAW."

I

{¶ 10} In her first assignment of error, appellant claims the trial court abused its discretion and erred in affirming appellee's decision. We disagree.

{¶ 11} The applicable standard of review for a trial court in an administrative appeal authorized under R.C. 5160.31(B)(2) and 5101.35(E) is governed by R.C. 119.12 which states the following:

> The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify

the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law.

{¶ 12} In *Our Place, Inc. v. Ohio Liquor Control Commission,* 63 Ohio St.3d 570, 571, 589 N.E.2d 1303 (1992), the Supreme Court of Ohio explained the following:

The evidence required by R.C. 119.12 can be defined as follows: (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true.* * * (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue.* * * (3) "Substantial" evidence is evidence with some weight; it must have importance and value.  (Footnotes omitted.)

{¶ 13} As stated by this court in *Fire v. Ohio Department of Job & Family Services,* 163 Ohio App.3d 392, 2005-Ohio-5214, 837 N.E.2d 1257, ¶ 19 (5th Dist.):

"The appellate court's review is even more limited than that of the trial court.  While it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court." *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748.  On an appeal pursuant to R.C. 119.12, an appellate court shall review evidentiary issues to determine whether the common pleas court abused its discretion in determining whether the agency decision was supported by reliable,

probative, and substantial evidence.  *Id.*  Issues of law, however, are reviewed de novo.  *Sohi v. Ohio State Dental Bd.* (1998), 130 Ohio App.3d 414, 421, 720 N.E.2d 187.

{¶ 14} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 15} The issue in this case is "shared living" versus "homemaker/personal care benefits."  HPC services are paid at a rate of $337.00 per day whereas providing the same services under a shared living arrangement are paid at a rate of $101.99 per day.  "Shared living" is defined in Ohio Adm.Code 5123:2-9-33(B)(16) as follows:

> "Shared living" means individual-specific personal care and support necessary to meet the day-to-day needs of an adult enrolled in the individual options waiver, by an adult caregiver who resides in the same home as the individual receiving the services.  Shared living is provided in conjunction with residing in the home and is part of the rhythm of life that naturally occurs when people live together in the same home.  Due to the environment provided by living together in the same home, segregating these activities into discrete services is impractical.

{¶ 16} Subsection (B)(16)(b) lists twelve examples of supports that may be provided as shared living.  Subsection (D), which governs requirements for service delivery, provides in part:

(1) Shared living shall be authorized for an individual when one or more adult caregivers who reside with the individual provide twenty per cent or more of the individual's personal care and support services.

(5) An independent provider shall reside in the home where shared living is provided and that home shall be the independent provider's primary, legal residence.

{¶ 17} Appellant argues she does not reside with Ms. Glaser and is not providing shared living services. In her February 11, 2020 merit brief filed with the trial court at 11, appellant argued "the answer turns on whether [Ms. Glaser] has a different 'home' from her mother and guardian ad litem." Transcripts from the hearings are not in the record. In the same brief at 9, appellant argued since the decision "relied on purported facts that are only described, but not formally contained in the record, a transcript is essential" for the trial court's review. In a judgment entry filed February 26, 2020, the trial court denied appellant's motion for a transcript, finding she "failed to demonstrate that the department and appellant are unable to stipulate to the facts of the case and that the transcript is essential to the determination of the appeal." Appellant has not challenged this ruling and does not contest any facts as recorded in the hearing officer's decision.

{¶ 18} At the time the application was made, Ms. Glaser was in the process of moving from the family home to her own apartment which was located in the basement of the family home. The apartment had a separate exterior entrance and address, and could be accessed through an interior door to the family home. Appellant also had

moved out of the family home into a separate home two miles away. However, as acknowledged by the trial court in its April 24, 2020 decision at ft. 1, this fact is not an issue as in her merit brief filed with the trial court at fn. 7, appellant acknowledged "she has now moved back into the marital home and thus this claim is no longer viable."

{¶ 19} The March 19, 2019 decision denying appellant's application to change from Adult Shared Living to HPC services stated the following in part:

Kristina's mother would be providing 96-144 hours per week of services to Kristina in the current home. It is the determination of the County Board that since services will continue to be delivered in the current Shared Living setting with the provider's other minor children and husband and will therefore follow the daily rhythm of life, that the service continues to meet the rule definition of Adult Shared Living and should be reimbursed as such.

{¶ 20} Appellant filed an appeal and a hearing was held on July 24, 2019. In her August 15, 2019 decision, the hearing officer noted the following in her findings of fact:

4. * * * The Appellant [Ms. Glaser] needs 24-hour support and the Appellant's mother admitted that she would be staffing most of the hours as the Appellant's provider. Based on the amount of time the provider spends in the home, with both the Appellant as well as her other children who reside in the same home, Agency determined the provider is a resident of the same home as the Appellant. Agency also does not

consider the Appellant to be residing in a separate residence as the address provided, as it is the basement of the family home and they received information from a previous provider that indicated the Appellant does not stay in the basement. The Agency determined the Appellant and the provider reside in the same home, therefore the living situation is considered an Adult Shared Living and payment status for the provider remains as such.

5. * * * Appellant's AR [Authorized Representative, appellant herein] argues that the city recently determined the basement of the family home to meet the requirements to be established as a separate address from the main part of the family home. Appellant and her spouse had the basement renovated to meet the criteria for the city to determine it a separate address, with the intention of establishing the Appellant having a separate residence. I find that the apartment they are referencing is the basement of the family home. While the basement was determined by the city to meet the requirements to be deemed a separate residence, I find that the Appellant does not stay in that area of the home. Based on testimony given by the Agency regarding information provided by a previous provider who cared for the Appellant in the home, after the apartment was created, the Appellant remained in the upstairs of the home. The provider stayed overnight with the Appellant at the time she cared for her and both slept in bedrooms in the upstairs part of the family home. In addition, the AR admitted that there was access directly from the inside of the home into the basement.

{¶ 21} The hearing officer went on to analyze the facts in light of the definition of "shared living" and stated the following in pertinent part:

* * * Since AR will maintain the role of providing service as she has in the past, the living situation is required to be considered a shared living situation. In the instance of the creation of an apartment in the basement of the family home, I find that while it was determined to meet criteria to be considered a separate address by the city, the Appellant does not live there, rather remains living in the main area of the home. Ohio Revised Code also defines residence as a dwelling where there is a reasonable expectation of privacy. The Appellant requires 24-hour care and support and the basement can be accessed through the family home, therefore for the purpose of determining the appropriate use of shared services, I am not persuaded by the AR and find the Appellant does not have a separate residence from the AR or other family members in the same home.

{¶ 22} In the September 16, 2019 administrative appeal decision affirming the hearing officer's decision, appellee reviewed the definition of "shared living" and stated the following:

The hearing officer is the trier of fact and the weight of evidence in this case according to the decision indicated that the AR [appellant herein]

and Appellant [Ms. Glaser] are living in the same residence and are in a shared living arrangement.

Appellant makes much of the family home basement having been designated a separate residence. The fact is the basement is still in the family home where Appellant resides and per the evidence spends very little time in. * * * Appellant's mother is the only provider for Appellant except for a few HPC hours when Appellant's mother is on vacation or absent for some reason. Therefore, Appellant's mother is essentially providing all of Appellant's care and therefore has to be in the home with Appellant the majority of the time. Appellant needs 24/7 care.

{¶ 23} In affirming the decision of appellee, the trial court conducted a very thorough and lengthy analysis. In its decision filed April 24, 2020, the trial court reviewed the facts, the definition of "shared living," the definition of "home" under the Medicaid portion of the Ohio Administrative Code, and Ms. Glaser's needs, and found the following:

The Court does not find the fact that the basement of [address omitted] has a separate address from the rest of the home carries much weight in the determination as to whether or not Ms. Glaser and Ms. Midkiff reside in the same home for purposes of a determination of Adult Shared Living over HBC (sic). Shared living is not simply about sharing the same address, although in this case, both parties do both live within the same physical building. Adult Shared Living is also about the type of

services provided, those that "occur in conjunction with residing in the same home and as part of the rhythm of live (sic) that naturally occurs when people live together in the same home."

As indicated by Ms. Midkiff, Ms. Glaser requires 24/7 care that she provides more than 60% of. * * * These include all of the types of supports that are given in cases of Adult Shared Living situations; basic personal care and grooming and assistance with bladder and/or bowel requirements. The services provided by Ms. Midkiff do not at all resemble those supports provided by an HBC (sic) and she would be unable to provide money management to Ms. Glaser in this position. (Footnote omitted.)

Whether or not Ms. Glaser physically resides in the basement apartment of [address omitted] and whether or not she spends most of her day in the family portion of the home, it is clear from the evidence that Ms. Midkiff spends up to 148 hours a week caring for Ms. Glaser. Either she does this in the family home while also caring for her other minor children and (sic) the family home or in the basement, but either way, this is sufficient time spent to determine that they do in fact reside together. As the Agency has found previously, for all intents and purposes, Ms. Glaser and Ms. Midkiff reside together.

{¶ 24} The trial court did not find appellee's factual findings to be "internally inconsistent," but found inconsistencies with appellant's "factual allegations." The trial

court concluded appellee's factual findings were not "unsupported by the evidence" and appellee's reading of the administrative rules was not unreasonable.

{¶ 25} Given the definition of "shared living" and the evidence presented as outlined by the hearing officer and cited above, we find the trial court did not abuse its discretion in affirming appellee's decision.

{¶ 26}  Assignment of Error I is denied.

II

{¶ 27} In her second assignment of error, appellant claims the trial court applied the wrong standard of review when evaluating a legal issue.  We disagree.

{¶ 28} In its April 24, 2020 decision, the trial court devoted several pages to its standard of review.  This case presented a mixed question of law and facts to determine whether appellant provided services in a shared living arrangement.  We find the trial court properly set forth its standard of review and do not find any error.

{¶ 29} Assignment of Error II is denied.

{¶ 30} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.


EEW/db